# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKEL RAY HENDERSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number CIV-17-1018-C |
| ROSS L. FISHER, M.D., et al., | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation ("R&R") on August 13, 2018, recommending Defendants' Motion to Dismiss and Motion for Summary Judgment be granted and that Plaintiff's case be dismissed with prejudice. Plaintiff has objected to the R&R.

Plaintiff filed his action alleging violation of his constitutional rights. Plaintiff's claims center on the decision to discontinue his pain medication. This decision was made based on Plaintiff allegedly palming or cheeking his medication, rather than swallowing it as required. Plaintiff brings a claim challenging the grievance procedure and alleging the denial of pain medication violates the Eighth Amendment prohibition on cruel and unusual punishment.

In the R&R, Judge Mitchell noted that because there is no recognized constitutional right to participate in the grievance process, Plaintiff's complaints about

the shortcomings of the process cannot give rise to a § 1983 claim. Plaintiff fails to offer any legal authority to counter that set forth by Judge Mitchell. Upon de novo review, the Court finds no error in the reasoning and analysis of the R&R. Even considering the affidavits attached to Plaintiff's response offers no basis to change the result. If Plaintiff has no constitutional right to participate in prison grievance procedures, see <u>Boyd v. Werholtz</u>, 443 F. App'x 331, 332 (10th Cir. 2011), the failure to consider his evidence also will not give rise to a constitutional claim.

Plaintiff's second claim, the alleged Eighth Amendment claim, fares no better. Judge Mitchell noted that none of Plaintiff's "evidence" was sufficient to establish acts of deliberate indifference as required to state an Eighth Amendment claim. After de novo review of the evidence, including the affidavits attached to Plaintiff's objection, the Court finds Judge Mitchell's reasoning well founded. At best, Plaintiff has demonstrated a disagreement with the medical staff's plan for his treatment. A disagreement regarding the best means of providing pain management does not give rise to an Eighth Amendment claim. See <u>Todd v. Bigelow</u>, 497 F. App'x 839, 842 (10th Cir. 2012).

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 29). For the reasons set forth in the R&R and this Order, the Motion to Dismiss/Motion for Summary Judgment of Defendants (Dkt. No.

27) is GRANTED and this matter is DISMISSED with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 26th day of September 2018.

ROBIN J. CAUTHRON
United States District Judge